# EXHIBIT 1

**OPEN SOCIETY JUSTICE INITIATIVE**

James A. Goldston
Executive Director

justiceinitiative.org

**OPEN SOCIETY FOUNDATIONS**

Open Society
Justice Initiative
224 West 57th Street
New York, NY 10019, USA

p. +1 212-548-0600
f. +1 212-548-4608

August 24, 2020

**BY OFAC ELECTRONIC SUBMISSION**

Ms. Andrea Gacki, Director
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

Re:   Request for Interpretive Ruling Regarding Executive Order 13928

Dear Director:

Through this letter, the Open Society Justice Initiative ("Justice Initiative") requests an interpretive ruling regarding what it means to "materially assist[]" or provide "services" in support of the activities identified in Sections 1(a)(i)(A) and Section 1(a)(i)(B) of Executive Order 13928 ("Executive Order" or "Order") *Blocking Property of Certain Persons Associated With the International Criminal Court*, that targets persons associated with or supporting the International Criminal Court ("ICC" or "Court").

As no person or entity has yet been publicly designated under the Executive Order, and the language of this Order is expansive, it is difficult for persons to determine which activities may place them at risk of designation.

Under Section 1(a)(i)(C) of the Executive Order, the Secretary of State, in consultation with the Secretary of Treasury, can designate any foreign person determined to have "materially assisted" or provided "services" in support of any activity identified in the Order. The Order thus authorizes the designation of someone who materially assists or provides services in furtherance of an activity identified in Section 1(a)(i)(A) and Section 1(a)(i)(B), even if a person primarily responsible for that activity (e.g., the ICC prosecutor) has not been designated.

Further, U.S. government officials, in public comments, have referenced sanctions against those who assist activities identified in the Executive Order. In a press conference concerning the Executive Order, Attorney General William Barr stated, "[t]he executive actions announced here will ensure *that those who assist* the ICC's politically motivated investigation of American service members and intelligence

officers without the United States' consent *will suffer serious consequences*."[1] This statement may be viewed as an explicit threat to sanction persons who assist the ICC. Given the potential breadth of the Executive Order, it is unclear who is at risk of designation, and for what activities.

We seek guidance regarding which activities may constitute "materially assist[ing]" or providing "services" to activities under the Order, as follows:

- *General advice, training or support to the ICC*. Would providing general advice (including but not limited to legal advice), training, or support to the ICC and/or its officials (e.g., the Prosecutor) for general purposes constitute "materially assist[ing]" or providing a "service" to the activities listed in Section 1(a)(i)(A) or Section 1(a)(i)(B)? For purposes of this question, such activities might include:
    - Training ICC officials on general investigation tactics;
    - submitting technical reports that address enhancing prosecutorial functioning;
    - convening a conference on international justice that would be attended by ICC officials.

- *Specific advice, training or support to the ICC relating to subsections A or B of Section 1(a)(i)*. Would providing specific advice (including but not limited to legal advice), training, or other support to the ICC and/or its officials (e.g., the Prosecutor) in connection with activities listed in Section 1(a)(i)(A) or Section 1(a)(i)(B) qualify as "materially assist[ing]" or providing a "service"? For purposes of this question, such activities might include, for example:
    - Providing training to organizations that assist victims who seek to communicate with the ICC regarding the investigation, arrest, detention, or prosecution of U.S. personnel or personnel of its allies not party to the Rome Statute;
    - organizing or attending meetings with ICC personnel or victims' representatives where the investigation, arrest, detention, or prosecution of U.S. personnel or personnel of its allies not party to the Rome Statute may be discussed;
    - writing public commentary, including blogs and articles, in support of the ICC's investigation, arrest, detention, or prosecution of U.S. allies not party to the Rome Statute and/or U.S. personnel; and
    - submitting amicus briefs in support of the ICC's investigation, arrest, detention, or prosecution of U.S. allies not party to the Rome Statute and/or U.S. personnel.

While this Executive Order is currently in the pre-designation stage, its expansive language makes it unclear whether certain activities, including constitutionally protected speech, could lead to designation. Thus, it is already having a deterrent effect on persons who wish to interact with the ICC. September and October are

---

[1] U.S. Department of Defense Press Release (June 11, 2020) *available at* https://www.state.gov/secretary-michael-r-pompeo-at-a-press-availability-with-secretary-of-defense-mark-esper-attorney-general-william-barr-and-national-security-advisor-robert-obrien/.

2 of 3

critical time periods for concerned persons who support the ICC. Such groups customarily accelerate their work in this time period in preparation for the annual Assembly of States Parties meeting, which occurs every year in late November or early December (and is scheduled for December 7-17, 2020). Given the immediate ramifications, we request a response to our inquiry within 20 calendar days or no later than September 14, 2020.

* * * * *

Please be advised that this letter contains commercial and financial information about the Justice Initiative, an operational program of the Open Society Institute, that is proprietary and confidential and which is, therefore, exempt from the public access provisions of the Freedom of Information Act, 5 U.S.C. § 552. Such information, if disclosed, could adversely affect the financial and competitive position of the Justice Initiative. Accordingly, we request that this letter be withheld in the event of a demand for its disclosure. We understand that, in the event of such a demand, OFAC will give the Justice Initiative prompt notice and opportunity to be heard prior to taking any action to disclose.

Respectfully submitted,

James A. Goldston
Executive Director

CC:   Taylor Ruggles
      Director, Office of Economic Sanctions Policy and Implementation
      U.S. Department of State