

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 26, 2020

**Via ECF & Email**
The Honorable Katherine Polk Failla
United States District Court
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:     *Open Society Justice Initiative, et al. v. Trump*, 20 Civ. 8121 (KPF)

Dear Judge Failla:

This Office represents the defendants ("Defendants" or the "Government") in the above-referenced case. On October 1, 2020, Plaintiffs commenced this litigation by filing their complaint. Dkt. No. 1. Exhibit 3 to the complaint is a one-page email chain that contains the name and email address of a low-level employee of defendant Office of Foreign Assets Control ("OFAC"). We write in accordance with Your Honor's Individual Rule 9(B) to request a protective order pursuant to Federal Rule of Civil Procedure 5.2(e), so that plaintiffs may replace the version of Exhibit 3 that is publicly available on PACER with a version that is identical except redacts that employee's name and email address.[1]

Defendants' limited redaction of personally identifying information is warranted here. While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). First, the court must determine whether the documents at issue are "judicial documents." *Stern*, 529 F. Supp. 2d at 420 (quoting *Lugosch*, 435 F.3d at 119). Second, the court must determine the "weight of the presumption" of public access. *Id.* Third, the court must weigh countervailing interests against the presumption. *Id.*

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1049). But information such as the names and other identifying information of low-level employees is "largely unrelated to the public interest," and may properly be withheld. *In re*

---

[1] A copy of the redacted version of the exhibit is attached to this letter. A copy of the unredacted version will be emailed to Chambers along with the courtesy copy of this letter, but not filed.

*Savitt/Adler Litigation*, No. 95 Civ. 1842 (RSP) (DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997); *see also id.* ("[T]he public can assess the Attorney General's actions without the names of the individual AAGs."); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS) (DF), 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) ("[T]he public can assess the City's actions in discharging Plaintiffs without the names of the individual employees."). Accordingly, the personally identifying information of the employee being withheld here warrants only a limited presumptive right of access.

Moreover, the countervailing interests against the presumption of access are significant. *Lugosch*, 435 F.3d at 120. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) (citing *Amodeo*, 71 F.3d at 1051). "[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names." *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993); *see also Long v. OPM*, 692 F.3d 185, 196 ("Redaction of names goes a long way toward protecting against surveillance and publicity those things that are generally treated as nobody else's business."). Here, the employee at issue is a Sanctions Licensing Officer, a working-level, non-managerial position in the Licensing Division of OFAC.

For many of these reasons, courts have allowed for the redaction of names of individual employees where their identities have little or no bearing on the outcome of the litigation as is the case here. *See Kelly*, 2003 WL 548400, at *6 ("[R]edacting the employees' names will have minimal consequence on the public's ability to determine whether the City's stated policies regarding tax submissions were uniformly applied."); *In re Savitt/Adler Litigation*, 1997 WL 797511, at *4 ("The redacted record will reveal what political influence a particular AAG may have had . . . . All that will be missing is the identity of the AAG concerned. Because the redaction sought is minimal and largely unrelated to the public interest, I conclude that defendants have demonstrated that a higher value will be served by redaction and that their proposed redactions are narrowly tailored to serve that interest."). Accordingly, Defendants respectfully request that the Court allow the proposed limited redaction requested herein.

Plaintiffs, without prejudice to whether redaction in this or any other circumstances is warranted, to which Plaintiffs reserve all rights, do not object to the relief sought herein. In response to the Government's request, Plaintiff Open Society Justice Initiative, as a matter of courtesy, has redacted the same information in the version of Exhibit 3 to the complaint that is posted to its website.

I thank the Court for its consideration of this request.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney
for the Southern District of New York

By:     _/s/ Jennifer Jude_
JENNIFER JUDE
Assistant United States Attorney
Tel: (212) 637-2663
Email: jennifer.jude@usdoj.gov

cc: Counsel for plaintiffs (via ECF & Email)

Application GRANTED.  The Clerk of Court is directed to replace
Exhibit 3 with the version attached to this Endorsement.

Dated:  October 26, 2020          SO ORDERED.
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**Subject:**                    RE: Open Society Institute's August 24 request

**From:** James Goldston <james.goldston@opensocietyfoundations.org>
**Sent:** Tuesday, September 15, 2020 3:06 PM
**To:** ████████████████████
**Cc:** James Goldston <james.goldston@opensocietyfoundations.org>
**Subject:** RE: Open Society Institute's August 24 request

Thank you for your email. I confirm that I am the appropriate point of contact for this request. Please do not hesitate to reach out to me should you have questions. Given that this request is time-sensitive, I would appreciate if you would provide an estimate of when I might expect a final response from OFAC.

Thank you.

Sincerely,


James A. Goldston (he, his)
Executive Director
Open Society Justice Initiative
224 West 57 Street, New York, NY 10019
+1-212-548-0118/www.justiceinitiative.org
@JamesAGoldston


**From:** ████████████████████████████████
**Sent:** Wednesday, September 9, 2020 11:45 AM
**To:** James Goldston <james.goldston@opensocietyfoundations.org>
**Subject:** Open Society Institute's August 24 request

Good morning.  I am the Licensing Officer working on OFAC's response to your August 24 request for guidance on recent U.S. Government actions regarding the International Criminal Court.  Your request has been assigned case number ICCP-EO13928-2020-369020-1.  I may be reaching out to you in the coming weeks with any questions about your request that arise, and you should feel free to come to me with questions or updates regarding Open Society's activities.

Please also let me know if you are working with any external counsel who you would like to include in OFAC's communications with you.


████████████████
Sanctions Licensing Officer
Office of Foreign Assets Control
U.S. Department of the Treasury