

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OPEN SOCIETY JUSTICE INITIATIVE, *et al.*,

                      Plaintiffs,

    v.

JOSEPH R. BIDEN, JR., *et al.*,

                      Defendants.

No. 20 Civ. 8121 (KPF)

**STIPULATION OF DISMISSAL UNDER FED. R. CIV. P. 41(a)**

      WHEREAS, on October 1, 2020, Plaintiffs Open Society Justice Initiative, Diane Marie Amann, Milena Sterio, Margaret deGuzman, and Gabor Rona (collectively, "Plaintiffs") filed a complaint, Dkt. No. 1, commencing the above-captioned action (the "Action") against the U.S. Department of State, the U.S. Department of the Treasury, the U.S. Department of Justice, the Office of Foreign Assets Control, and several public officials in their official capacities (collectively, "Defendants"; together with Plaintiffs, the "parties")[1];

      WHEREAS, the Action challenges the lawfulness of Executive Order 13,928 (the "Executive Order") and its implementing regulations, 31 C.F.R. §§ 520.101 *et seq.* (the "Regulations"), as applied to Plaintiffs, seeks "a declaration that the Executive Order and the Regulations violate the First and Fifth Amendments to the U.S. Constitution and are *ultra vires* under" the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.*, and seeks "an order enjoining Defendants from enforcing IEEPA's civil and criminal penalties against [Plaintiffs] or designating [Plaintiffs] under the Executive Order." *see* Dkt. No. 1 ¶¶ 1, 4;

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the public officials who have ceased to hold office have been automatically replaced by their successors as defendants in the Action.

WHEREAS, on October 9, 2020, Plaintiffs filed a motion for preliminary injunction, Dkt. No. 28, seeking to "preliminarily enjoin Defendants from enforcing IEEPA's civil and criminal penalties against Plaintiffs and from designating them under the Executive Order," Dkt. No. 28-1 at 25;

WHEREAS, on November 9, 2020, Defendants filed an opposition to the motion for preliminary injunction, Dkt. 51;

WHEREAS, on January 4, 2021, the Court issued an Opinion and Order (the "PI Order") granting Plaintiff's motion for a preliminary injunction in part and enjoining Defendants from "enforcing IEEPA's civil or criminal penalty provisions against Plaintiffs for conduct specifically addressed in Plaintiff[s'] Complaint and in this Opinion and Order, to the extent that such conduct is alleged to have been committed in violation of Executive Order 13,928," Dkt. No. 56 at 33;

WHEREAS, Defendants did not appeal the PI Order;

WHEREAS, on April 1, 2021, President Joseph R. Biden, Jr. issued Executive Order 14,022, which terminated the national emergency declared in the Executive Order and revoked that order;

WHEREAS, Section 2 of Executive Order 14,022 states that "termination of the national emergency declared in Executive Order 13928 shall not affect any action taken or proceeding pending not finally concluded or determined as of the date of this order, any action or proceeding based on any act committed prior to the date of this order, or any rights or duties that matured or penalties that were incurred prior to the date of this order";

WHEREAS, the Court has not issued a final judgment in this action;

WHEREAS, despite the fact that the revocation of the Executive Order does not affect "any action or proceeding based on any act committed prior to the date of this order," Defendants do not intend to, and will not enforce IEEPA's penalty provisions against Plaintiffs for any of the conduct described in Plaintiffs' complaint or in the PI Order;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants, through their respective counsel, as follows:

1. This action is hereby dismissed without prejudice, with each party to bear its own costs, expenses, and fees, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

2. Counsel for Plaintiffs will file this Stipulation of Dismissal via the ECF system on behalf of all parties. This Stipulation may be signed in counterparts, each of which will be deemed an original and all of which will be taken together and deemed one instrument. Facsimiles of signatures or signatures in PDF form shall constitute acceptable, binding signatures for purposes of this Stipulation.

3. Upon entry of this Stipulation on the docket of the Court, this case shall be closed.

Dated: April 29, 2021

FOLEY HOAG LLP
*Attorneys for Plaintiffs*

By: _____
ANDREW B. LOEWENSTEIN
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel.: (617) 832-1000
E-mail: aloewenstein@foleyhoag.com

Dated: April 29, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: _____
JENNIFER JUDE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2663
E-mail: jennifer.jude@usdoj.gov

3

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated:  April 30, 2021
        New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE